FILED

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

13 DEC 26 AM 9: 33

| | |
|---|---|
| SCOTT M. BRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No: | |
| vs. ) | **2 13CV 486** |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, a corporation, ) | **PLAINTIFF DEMANDS** |
| ) | **TRIAL BY JURY** |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT and JURY DEMAND

COMES NOW the plaintiff, SCOTT M. BRIGGS, by his attorneys, HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., and complaining of the defendant, NORFOLK SOUTHERN RAILWAY COMPANY, states:

1.  This is a claim under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 *et. seq.*, for injuries and other damages sustained by the plaintiff, SCOTT M. BRIGGS ("BRIGGS").

2.  On February 18, 2011, BRIGGS, was employed by the defendant, NORFOLK SOUTHERN RAILWAY COMPANY ("NSRC") and he was acting within the course and scope of his employment when he sustained an injury to his right ankle.

3.  Subject matter jurisdiction for this cause of action exists against NSRC under the FELA, which vests jurisdiction in state and federal courts for injuries sustained by railroad employees engaged in interstate commerce pursuant to 45 U.S.C. §51; 45 U.S.C. §56 and 28 U.S.C. §1331.

4. The defendant, NSRC, is a corporation, duly organized and existing under the laws of the State of Virginia.

5. On February 18, 2011, NSRC was authorized to do business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the State of Indiana.

6. NSRC is subject to service of process and to the jurisdiction of this Court in Hammond, Indiana.

7. Venue for this cause of action exists in the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. §1391(b).

8. On February 18, 2011, BRIGGS worked as a brakeman and as part of his duties with NSRC he was assigned to switch rail cars at a railroad yard owned and operated by NSRC in Burns Harbor, Indiana.

9. At the time and place aforesaid, BRIGGS was in the process of walking alongside track #10 within the NSRC Burns Harbor railroad yard when an approximately 300 foot long air supply pipe line positioned next to the track ruptured, came into contact with the right ankle of BRIGGS and pinned his right ankle and foot for a period of time onto an adjacent railroad track.

10. As the result of the aforesaid incident BRIGGS sustained injuries to his right ankle that have permanently disabled him from his craft.

11. At the time and place aforesaid, the railroad cars, air supply pipe line, air hoses, equipment and all other appurtenances involved in the job were under the management, maintenance, operation and control of and in the in the exclusive possession of NSRC, and BRIGGS herein relies upon the doctrine of *res ipsa loquitur*.

12. At the time and place aforesaid, the work being performed by NSRC and BRIGGS was in furtherance of interstate commerce.

13. At the time and place aforesaid, and at all times alleged herein, both BRIGGS and NSRC were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60.

14. At the time and place aforesaid, the defendant, NSRC, had a duty under the Federal Employers' Liability Act, 45 U.S.C. §§51-60, to provide BRIGGS with a reasonably safe place to work.

15. At the time and place aforesaid, the defendant, NSRC, had a duty under the Federal Employers' Liability Act to comply with the Federal Safety Appliance Act, 49 USC, Part A, Chapter 203 - Safety Appliances, §20301, *et seq*.

16. At the time and place aforesaid, the defendant, NSRC, had a duty under the Federal Employers' Liability Act to comply with the Code of Federal Regulations, 49 C.F.R. § 232, *et seq.* – Brake System Safety Standards for Freight and Other Non-Passenger Trains and Equipment; End-of-Train Devices.

17. At the time and place aforesaid, NSRC violated the Federal Employers' Liability Act in one or more of the following respects:

   a. In failing to provide Scott Briggs with a reasonably safe place to work;

   b. In failing to follow custom and practice in the railroad industry with regard to safety in the work place;

   c. In failing to follow commonly accepted guidelines and procedures in the railroad industry with regard to safety in the work place;

   d. In providing Scott Brigs with rail cars that were unsafe and that created an unnecessary danger of personal injury;

-3-

    e.    In over pressurizing the airline supply pipe alongside track #10 causing it to break;

    f.    In failing to secure the airline supply pipe alongside track #10;

    g.    In failing to provide adequate training and instruction;

    h.    In failing to provide adequate warnings;

    i.    In failing to remedy known unsafe conditions;

    j.    In failing to comply with the requirements of the Federal Safety Appliance Act, 49 U.S.C., Part A, Chapter 203 - Safety Appliances, §20301, *et. seq.*; and

    k.    In failing to comply with the requirements of the Code of Federal Regulations, 49 C.F.R. § 232, *et seq.*;

Or, in the alternative:

    l.    In that at the time and place alleged the railroad cars, air supply pipe line, air hoses, equipment and all other appurtenances involved in the job were under the management, maintenance, operation and control of and in the in the exclusive possession of NSRC, were so managed, maintained, operated and controlled that the air supply line in the Burns Harbor yard ruptured, causing Scott M. Briggs to be injured, and incidents of the nature described do not occur in the ordinary course of events if NSRC had used ordinary care so that an inference of negligence arises under the doctrine of *res ipsa loquitur*.

18.    At the time and place aforesaid, BRIGGS sustained injuries of a personal and pecuniary nature and sustained other recoverable damages supported by the evidence and permitted by law, all resulting, in whole or in part, from one or more violations of the Federal Employers' Liability Act.

WHEREFORE, the plaintiff, SCOTT M. BRIGGS, prays for judgment against the defendant, NSRC, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

By: /s/ Patrick J. Harrington

Patrick J. Harrington
Robert E. Harrington, III (Ind. Bar No. 24616-45)
HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
180 N. Wacker Drive, Suite 300
Chicago, Illinois 60606
Tel:   (312) 332-8811
Fx:    (312) 332-2027
E-mail:   htah@harringtonlaw.com

*Attorneys for Plaintiff Scott M. Briggs*